IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRICE CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-891 C |
| v. | ) | (Judge Williams) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Price Construction, Inc., defendant, the United States, admits, denies, and alleges as follows:

Jurisdiction

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Parties

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

Factual Background

4. Admits the allegation contained in the first, second, fourth, and fifth sentences of paragraph 4 to the extent supported by the cited contract and the notice to proceed, which

are the best evidence of their content; otherwise denies the allegations contained in the first, second, fourth, and fifth sentences of paragraph 4. Denies the allegation contained in the third sentence of paragraph 4, and avers that the notice to proceed was sent to plaintiff on June 28, 2000 and received by plaintiff on July 5, 2000.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegation contained in the first sentence of paragraph 6 to the extent supported by the referenced submittal, which is the best evidence of its content; otherwise denies the allegations contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 constitute conclusions of law to which no answer is required; to the extent such allegations may be deemed allegations of fact, they are denied.

7. Denies.

8. Admits the allegations contained in paragraph 8 to the extent supported by the documentation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegation contained in paragraph 9 that the contract was modified and the completion date extended to May 21, 2001, to the extent supported by the referenced contract modification, which is the best evidence of its content; otherwise denies the

allegations contained in paragraph 9, which are legal conclusions to which no response is required, and to the extent they may be deemed allegations of fact, they are denied.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by plaintiff's December 4, 2001 letter, which is the best evidence of its content; otherwise denies the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the third sentence of paragraph 11 that the system did not perform, otherwise denies the allegation contained in the last sentence of paragraph 11, which is a legal conclusion to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

12. Admits the allegation contained in the first sentence of paragraph 12 to the extent supported by the May 21, 2001 correspondence from the Army Corps of Engineers, which is the best evidence of its content; otherwise denies the allegation contained in the first sentence of paragraph 12. Admits the allegation contained in the second sentence of paragraph 12 to the extent supported by the August 17, 2001 correspondence from the Army Corps of Engineers, which is the best evidence of its content; otherwise denies the allegation contained in the second sentence of paragraph 12.

13. Denies the allegations contained in the first sentence of paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the

allegations contained in the second sentence of paragraph 13 to the extent supported by plaintiff's October 8, 2002 letter, which is the best evidence of its content; otherwise denies the allegations contained in the second sentence of paragraph 13, which are legal conclusions to which no response is required, and to the extent that the allegations contained in the second sentence of paragraph 13 may be deemed allegations of fact, they are denied.

14. Admits the allegation contained in the first sentence of paragraph 14 to the extent plaintiff refers to work performed on or about April 15-16, 2002, otherwise denies the allegations contained in the first sentence of paragraph 14. Admits the allegation contained in the second sentence of paragraph 14 that plaintiff conducted a flow test on the tank; otherwise denies the allegations contained in the second sentence of paragraph 14, which are legal conclusions to which no response is required, and to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 14, which are legal conclusions and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Defendant avers that plaintiff admitted that the tank referenced in paragraph 14 was defective and subsequently was replaced by plaintiff.

15. Admits the allegations contained in paragraph 15 to the extent supported by plaintiff's referenced claim, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. The allegation contained in the first sentence of paragraph 16 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits to the allegations contained in the second and third sentences of paragraph 16 to the extent supported by the referenced contracting officer's decision, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the second and third sentences of paragraph 16.

<u>Count I</u>

17. Defendant hereby incorporates by reference its responses above in paragraphs 1-16.

18. Denies the allegation contained in the first sentence of paragraph 18. Denies the allegation contained in the second sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the third sentence of paragraph 18 that plaintiff submitted a claim, to the extent supported by the referenced claim, which is the best evidence of its content; otherwise denies the allegation contained in the third sentence of paragraph 18.

19. Admits to the allegation contained in paragraph 19 to the extent supported by the referenced contracting officer's decision, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 19.

20. The allegation contained in paragraph 20 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

21. Denies that plaintiff is entitled to the relief set forth in its prayer for relief immediately following paragraph 20, including that relief requested in subparagraphs 1 and 2, or to any relief whatsoever.

22. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

FRANK G. SWIFT, JR.
Engineer Trial Attorney
U.S. Army Corps of Engineers
Little Rock District, CESWL-OC
P.O. Box 867
Little Rock, Arkansas 72203-0867
Telephone: (501) 324-5553

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Telephone: (202) 305-3274
Matthew.Solomson@usdoj.gov

June 1, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 1st day of June 2007, I filed the foregoing DEFENDANT'S ANSWER via the Court's electronic filing system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON