IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRICE CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-891 C |
| v. | ) | (Judge Williams) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC Appendix A, ¶¶ 4-5, the parties file the following Joint Preliminary Status Report:

**a. Does the Court have jurisdiction over the action:**

Plaintiff states that the Court has jurisdiction to consider and decide this action. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should trial of liability and damages be bifurcated?**

Plaintiff does not believe that trial should be bifurcated as to liability and damages. Defendant submits that bifurcation may be appropriate given the significant additional discovery that will be necessary, including an audit, to evaluate plaintiff's cost data.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. Will a remand or suspension be sought?**

The parties do not believe that remand or suspension will be sought.

**f. Will additional parties be joined?**

The parties do not currently anticipate that additional parties will be joined.

**g. Do the parties intend to file a motion pursuant to RCFC 12(b), 12(e), or 56?**

At this time, the parties cannot state whether they will file a motion pursuant to Rule 12(b), 12(e) or 56.

**h. What are the relevant factual and legal issues?**

The Army Corps of Engineers awarded Contract No. DACW03-00-C-0019, in the amount of $109,927, to Price Construction, Inc. ("Price") to install a Corps designed oil/water separator system for the Greers Ferry Dam Powerhouse in Cleburne County, Arkansas. The Notice to Proceed was issued on June 28, 2000, with a performance period of 120 calendar days. Seven modifications were issued, three of which increased performance time for a revised performance period of 200 days; the resulting revised completion date was May 21, 2001.

The contract specifications called for a Hyrdrosep HS 18000 oil/water separator, or equal device, in addition to a check valve in the drain line. Price submitted for Corps approval an Enquip M-18-30 SWBG oil/water separator as an equal to the Hydrosep model identified by the contract specifications. The Corps approved the Enquip separator for installation, but despite several modifications and tests, the Enquip separator has not performed to the contract requirements. Price contends that the contract specifications are defective, and that no separator will perform to the contract requirements with a check valve in the drain line. The Corps disagrees, and contends that Price's Enquip submittal was not accurate with respect to whether

the Enquip separator was equal to the Hydrosep device specified in the contract. Moreover, the Corps contends that the Hydrosep HS 18000 would perform satisfactorily with the check valve in the drain because its design differs from the Enquip M-18-30 SWBG.

The issue in this case is whether Price is entitled to an equitable adjustment in the amount of $203,201.51, plus interest, for alleged additional work due to design and specification defects.

**i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

At this time, the parties cannot state whether the case can be settled. Upon close of discovery, the parties may request that this matter be referred for ADR.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

Assuming that the case is not resolved upon cross-motions for summary judgment, through ADR, or that the case does not settle, the parties anticipate proceeding to trial. If trial is required, the parties request that the trial be held in Washington, D.C.

**k. Are there special issues regarding case management needs?**

The parties are unaware of any special issues regarding case management needs.

**l. Is there any other information of which the Court should be aware at this time?**

The parties are unaware of other information of which the Court should be aware at this time.

**m. <u>Pursuant to RCFC Appendix A, ¶5, the parties submit the following discovery plan:</u>**

| | Event | Plaintiff's proposed date | | Defendant's proposed date |
|---|---|---|---|---|
| 1. | Initial disclosures | August 11, 2007 | | August 10, 2007 |
| 2. | Close of non-expert discovery | November 30, 2007 | | December 31, 2007 |
| 3. | Designation of experts | December 31, 2007 | | January 31, 2008 |
| 4. | Expert report(s) | April 31, 2008 | | March 31, 2008 |
| 5. | Close of expert discovery, including depositions | May 15, 2008 | | May 15, 2008 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Ronald L. Roberts
RONALD L. ROBERTS
PO Box 32355
Monument, CO 80132
719-491-5858 Telephone
719-867-3312 Facsimile

Counsel for Price Construction, Inc.

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division, Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
202-305-3274 Telephone
202-514-8624 Facsimile

Counsel for Defendant